**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER LUKAS; JOYCE WATTERS, | No. 11-16051 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-02423-WBS-DAD |
| v. | |
| UNITED BEHAVIORAL HEALTH; IBM MEDICAL AND DENTAL EMPLOYEE WELFARE BENEFIT PLANS, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued November 7, 2012
Submitted January17, 2013
San Francisco, California

Before: BERZON and FERNANDEZ, Circuit Judges, and SMITH, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable William E. Smith, District Judge for the U.S. District
Court for the District of Rhode Island, sitting by designation.

Appellants Jennifer Lukas and Joyce Watters appeal the district court's judgment in favor of Appellees United Behavioral Health (UBH) and IBM Medical and Dental Employee Welfare Benefit Plans (Plan) in Appellants' suit under the Employee Retirement Income Security Act of 1974 (ERISA) for improperly denied benefits. Appellants allege that Appellees abused their discretion in denying their claim for benefits for Lukas's residential treatment for an eating disorder and co-morbid conditions at Alta Mira Treatment Center (Alta Mira) on the ground that her treatment was not medically necessary. We review *de novo* the district court's choice and application of the standard of review to Appellees' decision to deny benefits, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc), and we reverse.

While the parties agree that the district court correctly reviewed the denial of benefits under an abuse of discretion standard, the court erred in holding that Appellees did not abuse their discretion in this case. Because of IBM's dual role as evaluator and payor of claims, the Plan Administrator operated under a conflict of interest. *See id.* at 965. This conflict "must be weighed as a facto[r] in determining whether there is an abuse of discretion." *Id.* (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)) (internal quotation marks omitted) (alteration in original). The importance of a conflict in the abuse of discretion

2

analysis depends upon the facts of the particular case. Here, we must weigh the conflict "heavily" for two reasons. First, Appellees failed to adequately investigate Appellants' claim and failed to ask Appellants for necessary evidence. *See id.* at 968. Each of Appellants' two appeals was denied based on a supposed lack of documentation of Lukas's condition at the time of her treatment at Alta Mira. Despite this apparent absence of necessary information, at no point in the appeals process did Appellees request additional medical records from Appellants. Second, when Appellants nonetheless did submit reliable evidence, Appellees gave insufficient credit to that evidence. *See id.* In support of their second appeal, Appellants submitted a letter from Victoria Green, a member of the Alta Mira staff. Green's letter outlined several specific reasons why residential treatment was medically necessary for Lukas. While the reviewing physician hired by the Plan Administrator nominally considered Green's letter, neither the physician nor the Administrator even attempted to explain why that letter failed to substantiate Appellants' claim.

"A procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion." *Id.* at 972. In the present case, serious procedural violations plagued every level of Appellees' review process. Most troubling among these violations is

3

Appellees' repeated failure to explain the rationale behind the denial of Appellants' claim. UBH failed to issue any written denial of its initial adverse benefit determination. This was a clear violation of ERISA regulations. *See* 29 C.F.R. § 2560.503-1(g)(1).

In denying Appellants' first appeal, UBH's reviewing physician succinctly stated, "it is my determination that Medical Necessity Requirements for the Residential Treatment Level of Care are not met. Care could have occurred with Outpatient providers." This conclusory statement did not constitute the "meaningful dialogue" required by ERISA. *See Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997); *see also* 29 C.F.R. § 2560.503-1(j)(1), (j)(5)(ii). Appellees' failure to provide any comprehensible explanation for denying Appellants' claim is rendered even more problematic by the fact that they had in their possession internal notes containing a much more complete articulation of their rationale. Appellees failed to provide Appellants with these notes even after Appellants specifically requested a complete copy of UBH's case file on Lukas. This constituted yet another violation of ERISA regulations. *See* 29 C.F.R. § 2560.503-1(h)(2)(iii). Additionally, despite the fact that UBH's denial was expressly based on its level of care guidelines, at least one version of the letter

4

denying the first appeal did not contain the criteria set forth in those guidelines, as required by ERISA regulations.[1] *See id.* § 2560.503-1(j)(5)(i).

More procedural irregularities occurred during the course of the second appeal. First, the Plan Administrator failed to identify the reviewing physician whose advice it obtained in connection with that appeal. *See id.* § 2560.503-1(h)(3)(iv). Second, Appellees once again failed to explain the denial of Appellants' claim. The denial letter stated only that "[t]here was not enough current justification in the documentation presented to meet medical necessity criteria for residential level of care."

In light of the Plan Administrator's conflict of interest and the serious procedural violations committed by Appellees, the decision to deny benefits for Lukas's treatment at Alta Mira constituted an abuse of discretion. In the seven months leading up to her arrival at Alta Mira, Lukas repeatedly failed in intensive outpatient treatment and even residential treatment. Victoria Green, in a letter

---

[1] There are two versions of the denial of the first appeal in the record, one of which contains the guidelines criteria and one of which does not. While it appears that Appellants received the version containing the guidelines criteria at some point, it is unclear when and how they received it. The district court made no factual finding on this point. In any case, given the various other significant procedural violations committed by Appellees, this particular irregularity is not crucial to the result reached by this court.

submitted to the Plan Administrator, provided specific reasons why residential treatment was medically necessary for Lukas. While at Alta Mira, Lukas required monitoring during and after meals, monitoring of her exercise, and daily blind weigh-ins. Appellees never gave any indication as to why this letter was insufficient to substantiate Appellants' claim, instead falling back on the purported lack of documentation of Lukas's condition when she began treatment at Alta Mira and any eating disorder symptoms or other issues she experienced during treatment. Reliance upon a lack of documentation was unreasonable because it was not supported by the record and because Appellees' numerous procedural violations deprived Appellants of the opportunity to provide additional relevant records. Moreover, the fact that Lukas's treatment, which included close monitoring of her eating and related behaviors, was ultimately successful does not indicate that the treatment was not medically necessary at the outset. Because the Plan Administrator was obligated to award benefits on the administrative record, we reverse and remand with instructions to the district court to direct an award of benefits to Appellants and to conduct any further proceedings consistent with this order. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 681 (9th Cir. 2011).

**REVERSED.**